UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PHILLIP WAYNE LOCKHART, JR. ) | CASE NO.  16-32803(1)(13) |
| ) | |
| Debtor ) | |

**MEMORANDUM-OPINION**

This matter came before the Court on the Motion to Dismiss Case filed by Creditor Mary D. Lockhart ("Creditor").  The Court considered the Creditor's Motion, the Response to the Motion filed by Debtor Phillip Wayne Lockhart ("Debtor"), the Reply to the Response filed by Creditor and the comments of counsel for both parties at the hearing held on the matter.  For the following reasons, the Court will hold Creditor's Motion to Dismiss in abeyance and deny confirmation of Debtor's proposed Chapter 13 Plan.

On September 14, 2016, Debtor filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.  On Schedule E/F: Creditors Who Have Unsecured Claims, Debtor listed a domestic support obligation of $225,675 owed to Creditor.  On Schedule I, Debtor listed his net monthly income of $2,711.89.  Debtor proposed a Chapter 13 Plan for 60 months with monthly payments of $975 with nothing to be paid to unsecured creditors.

Debtor and Creditor entered into a Marriage Settlement Agreement on June 23, 2009, which was incorporated by reference into the parties' Divorce Decree which was entered by the Jefferson Family Court on June 25, 2009.  The Agreement provides that Debtor is to pay Creditor $3,000 per month as maintenance for 11 years.  The obligation terminates after 11 years or as of either parties' death, or if Creditor remarries, whichever occurs first.  Importantly, the Agreement also contains a

provision which states that no part of the Agreement, including maintenance, is modifiable except by written agreement of the parties.

Based upon the record before the Court, it is clear that Debtor's $3,000 monthly obligation to Creditor is properly classified as maintenance under the authority *In re Fitzgerald*, 9 F.3d 517 (6th Cir. 1993) and *In re Sorah*, 163 F.3d 397 (6th Cir. 1998). The obligation is clearly delineated as maintenance in the Agreement and the parties consistently referred to the obligation as maintenance throughout various legal proceedings before the State Court, as well as before the Kentucky Court of Appeals, as well as in filings before this Court.

Debtor has attempted to modify his maintenance obligation due to changes in his financial circumstances without success before the State Court. The matter was then appealed to the Kentucky Court of Appeals which affirmed the State Court's decision upholding the validity of the non-modifiable clause in the Agreement. Debtor's reliance on *Woodson v. Woodson*, 338 S.W.3d 261 (Ky. 2011), under the facts before the Court, is misplaced. While *Woodson* does allow trial courts to modify maintenance under a showing of changed circumstances so substantial and continuing as to make the terms unconscionable, that is not a determination to be made by this court. Indeed, the State Court considered the *Woodson* case in ruling on Debtor's Motion to Modify Maintenance and denied the motion due to the non-modification clause in the Settlement Agreement.

Debtor filed this Chapter 13 case following another decision by the State Court holding Debtor in contempt for failure to pay maintenance to Creditor. The State Court imposed sanctions and set forth a payment plan on the arrearage, while requiring Debtor to maintain current payments.

A second Motion to Hold Debtor in Contempt was filed with the State Court which determined the arrearage to be $225,675 and awarded interest at 12%. The State Court, in a written Opinion, also gave the Debtor terms to pay the award or serve 180 days for civil contempt, as well as ordering him to continue to make regular maintenance payments as they came due.

In an effort to avoid serving jail time, Debtor initiated the instant Chapter 13 case.

The proposed Chapter 13 Plan is unconfirmable under 11 U.S.C. § 1325. In order for Debtor to pay the maintenance arrearage of $225,675 at 12% over the 5 year term of the Plan, Debtor would have to make a monthly payment of $5,020.22, plus regular maintenance payments post-petition of $3,000. On a stated yearly income of $46,800, Debtor cannot possibly meet these obligations and on its face, the Plan cannot be confirmed and the Creditor's objection must be **SUSTAINED**.

Finally, the Court notes that this Court cannot act as an appellate court regarding the Orders of the State Court, nor does the United States Bankruptcy Code contain a remedy for this Debtor to escape the enforceability of the State Court Orders.

## CONCLUSION

For all of the above reasons, the Court will enter an Order sustaining Creditor's Objection and denying confirmation of the proposed Plan. By separate Order, the Court will hold the Motion to Dismiss Case in abeyance and hold this case open for further filings.

                                              _____
                                              Joan A. Lloyd
                                              United States Bankruptcy Judge
                                              Dated: October 28, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                              )
                                                    )
PHILLIP WAYNE LOCKHART, JR.     )         CASE NO.  16-32803(1)(13)
                                                    )
               Debtor                          )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, the Objection of Creditor Mary D. Lockhart to the proposed Chapter 13 Plan of Debtor Phillip Wayne Lockhart, be and hereby is, **SUSTAINED**.  Confirmation of Debtor Phillip Wayne Lockhart, Jr.'s proposed Chapter 13 Plan is **DENIED.**

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 28, 2016

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| PHILLIP WAYNE LOCKHART, JR. ) | CASE NO. 16-32803(1)(13) |
| | ) |
| Debtor ) | |

## ORDER

This matter having come before the Court on the Motion to Dismiss Case filed by Creditor Mary D. Lockhart, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Case is held in abeyance and this case shall remain open for additional filings by the parties.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 28, 2016