UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
PHILLIP WAYNE LOCKHART, JR. )  CASE NO. 16-32803(1)(13)
)
Debtor )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Sanctions under Fed. R. Bankr. P. 9011 filed by Creditor Mary D. Lockhart ("Creditor") against Debtor Phillip Wayne Lockhart, Jr. ("Debtor") and his counsel, J. Gregory Joyner ("Counsel"). The Court considered the Creditor's Motion, the Response of the Debtor and Counsel, the Reply of the Creditor and the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** Creditor's Motion. An Order accompanies this Memorandum-Opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 14, 2016, Debtor filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. On Schedule E/F: Creditors Who Have Unsecured Claims, Debtor listed a domestic support obligation of $225,675 owed to Creditor. On Schedule I, Debtor listed his net monthly income as $2,711.89. Debtor proposed a Chapter 13 Plan for 60 months with monthly payments of $975 with nothing to be paid to unsecured creditors.[1]

---

[1]The Court includes portions of this Court's Memorandum-Opinion entered on October 28, 2016, sustaining Creditor's Objection to Debtor's Proposed Chapter 13 Plan and denying confirmation of the Chapter 13 Plan.

In Debtor's proposed Chapter 13 Plan, under Section (b)(1), Priority Claims under 11 U.S.C. § 507(1) Domestic Support Obligations, Debtor listed "None." Under Section (2), Other Priority Claims, Debtor listed Creditor with a claim in the amount of $225,675. Under Section 13, Other Provisions, Debtor stated, "Debtor will attempt to negotiate or get maintenance owed to ex-wife Mary Lockhart decreased in the state action."

Debtor and Creditor entered into a Marriage Settlement Agreement ("Agreement") on June 23, 2009, which was incorporated by reference into the parties' Divorce Decree which was entered by the Jefferson Family Court on June 25, 2009. The Agreement provides that Debtor is to pay Creditor $3,000 per month as maintenance for 11 years. The obligation terminates after 11 years or as of either parties' death, or if Creditor remarries, whichever occurs first. Importantly, the Agreement also contains a provision which states that no part of the Agreement, including maintenance, is modifiable except by written agreement of the parties.

In 2011, Debtor unsuccessfully attempted to modify his maintenance obligation due to changes in his financial circumstances. Following the Jefferson Family Court's denial of the modification motion, Debtor appealed to the Kentucky Court of Appeals. The Appellate Court affirmed the State Court's decision upholding the validity of the non-modifiable clause in the Agreement. Debtor had relied on *Woodson v. Woodson*, 338 S.W.3d 261 (Ky. 2011) in support of his efforts to modify the Agreement. The Court of Appeals considered the *Woodson* case in ruling on Debtor's Motion to Modify Maintenance and denied the motion due to the non-modification clause in the Agreement, which is valid pursuant to KRS 403.180(6).

Following the decision of the Court of Appeals, Creditor moved to hold Debtor in contempt for not paying the maintenance award. The Jefferson Family Court held Debtor in contempt,

imposed sanctions, required Debtor to pay $500 per month on the arrearage and maintain current payments.

Debtor maintained the $500 arrearage payments, but not the current monthly payments. Therefore, Creditor filed another Motion to Hold Debtor in Contempt with the Family Court. The Family Court Judge, Judith Bartholomew, in a written Opinion, determined the arrearage to be $225,675 and awarded interest at 12%. Judge Bartholomew also ordered Debtor to pay $25,000 up front to the Creditor, $2,000 toward the arrearage and to resume the regular $3,000 monthly maintenance payment or serve 180 days for civil contempt. Debtor did not comply with these terms and instead, filed his Chapter 13 Petition.

At the hearing on confirmation of Debtor's Proposed Chapter 13 Plan, Counsel stated that Debtor was forced to file his Petition under Chapter 13 of the United States Bankruptcy Code, in essence, to avoid the effects of the second Contempt Order requiring him to pay the Creditor or serve 180 days for civil contempt in the county jail. Counsel stated that Debtor needed additional time to proceed in State Court to have the Agreement and the obligations he agreed to in that Agreement, modified by the State Court. Debtor's Counsel contended at the hearing that Debtor's good faith in filing the Chapter 13 case was evident by the fact that he proposed to pay Creditor $1,000 per month, which doubled the $500 ordered by the Family Court in the first Order holding him in contempt. This $500 figure, however, represents payments on the $225,675 maintenance arrearage only. Debtor has never made a $3,000 per month payment to Creditor as provided in the Agreement he signed in 2009. Counsel repeatedly referred to this obligation as maintenance in his proposed Chapter 13 Plan, as well as at the hearing on confirmation of the Plan before this Court.

At the hearing held before this Court on confirmation of the proposed Chapter 13 Plan, Counsel stated that Debtor did not have the money to satisfy the Contempt Order and although he had tried to work out a deal with the Creditor, he was unable to do so. In order to avoid the six month jail sentence, he was "forced" to file the Chapter 13 in this Court. He candidly admitted that the purpose of the filing was so that Debtor could obtain more time to seek further relief in the State Court. Counsel also admitted at the hearing before the Chapter 13 Trustee in the 11 U.S.C. § 341 meeting that he had met with a lawyer following a bankruptcy seminar for advice on how to proceed with this matter, but the lawyer who spoke at the seminar had no ideas for him. It was his hope that this Court would keep the Chapter 13 open while Debtor's domestic relations lawyer returned to State Court and sought a modification of his maintenance obligations in the Agreement. Counsel also stated that Judge Bartholomew was an "interim Judge" who would be off the bench following the November elections which would allow the Debtor to have a "fresh set of eyes" to look at Debtor's case in the State Court once a new judge was elected.

## **LEGAL ANALYSIS**

Creditor seeks an Order imposing sanctions against Debtor and his Counsel for filing a Chapter 13 Petition and a proposed Plan that could not be confirmed under existing bankruptcy law. Creditor contends by initiating this case and filing the Chapter 13 Petition and Plan, Debtor and his Counsel violated provisions (b)(1), (2) and (3) of Bankruptcy Rule 9011. The Court finds that the following part of Bankruptcy Rule 9011, is most pertinent to the matter at bar. It reads:

> (b) Representations to the Court. By presenting to the court (whether by signature, filing, submitting or later advocating) a petition, pleading, written motion or other paper, an attorney or unrepresented party is certifying to the best of the persons's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, – –

>     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

In general, courts employ an objective standard in determining whether a filing has been made for an "improper purpose." The test has been stated as follows:

> In applying the objective test, courts may infer the purpose of a filing from the consequences of the pleading or motion. For example, an improper purpose may be inferred when the effect of a pleading or the motion is to delay the proceedings.

Alan N. Resnick & Henry J. Sommers, COLLIER ON BANKRUPTCY ¶ 9011.04[7][c].

Here, the Court need not infer that delaying the state proceeding was the reason for the filing of Debtor's Chapter 13 Petition. This fact was stated by Debtor's Counsel on numerous occasions. Debtor's Counsel stated at the First Meeting of Creditors that the proposed Plan was not confirmable and that the purpose of the filing was to obtain more time to prepare and file pleadings in the state court action to have the maintenance obligation modified.[2] Counsel also stated at the confirmation hearing that the state court judge who ruled on Creditor's second Motion for Contempt was an "interim judge" who would be off the bench after the November elections and the Debtor's domestic relations lawyer could then get a "fresh set of eyes" to take a look at a motion for modification.[3]

Attempting to manipulate the bankruptcy process is an improper purpose under Fed. R. Bankr. P. 9011 and, grounds for sanctions. *In re Armstrong*, 487 B.R. 764 (E. D. Tex. 2012). A finding by the court that a paper was filed for an improper purpose allows the court to impose

---

[2] Counsel acknowledged several times in this Court's filings and in statements to this Court that the obligation was maintenance. This Court in its October 26, 2016 Order determined the obligation was clearly a domestic support obligation.

[3] The Court notes that the Creditor recently filed an Order of the State Court in this case on December 7, 2016 reaffirming the prior State Court Order of Contempt requiring Debtor to make the payments or report to the Louisville Metro Department of Corrections by 9 a.m. on January 12, 2017. Failure to comply will result in the issuance of a warranty for his arrest.

sanctions on a represented party, as well as on the party's attorney. *See*, COLLIER ON BANKRUPTCY ¶ 9011.04[7][c].

The troubling aspect of the filing of the Petition herein is that the Debtor chose not to appeal the second state court Order holding him in contempt. As Counsel stated in his Response to the Motion before the Court, "instead, he sought present counsel to create a bankruptcy plan that would double his monthly payment to Dee Dee (Creditor) from $500 to $1,000 per month (commensurate with his ability to pay)." *See*, Debtor's Response at p. 3. This Court did not have jurisdiction to modify the Agreement or unwind the Orders previously entered by the State Court. No arguments were ever presented to this Court that the Debtor's obligation to Creditor was anything other than a maintenance obligation. In order to adhere the $225,000 arrearage and keep up with ongoing required maintenance payments, Debtor's monthly payments to Creditor under a Chapter 13 Plan would have to have been approximately $8,000. This is an amount Debtor could not possibly meet on his stated monthly income of $2,700. The proposed Plan did not establish Debtor's good faith in filing the Petition, as Debtor alleges. Rather, the Petition, the Plan and Counsel's statements before the Chapter 13 Trustee and this Court establish beyond doubt that it was a delay tactic to avoid serving jail time for contempt before the State Court and to engage in additional litigation in the State Court in an attempt to modify the Agreement.

Creditor relies on *In re American Telecom Corp.*, 319 B.R. 857 (Bankr. N.D. Ill. 2004), where a creditor moved for sanctions under Rule 9011 after debtor's Chapter 7 case was dismissed for bad faith filing. The Court determined the debtor filed the case for an improper purpose, and that the bankruptcy case had no discernable relationship to any true bankruptcy policy but was instead a litigation tactic to frustrate and delay the debtor's opponent in a two party dispute in state court.

-6-

Similarly, Debtor herein used his Chapter 13 filing as a litigation tactic to avoid the Jefferson Family Court's Order of Contempt and as a litigation tactic to delay Creditor's collection efforts in their two party dispute in state court.

Courts considering a request for sanctions under Rule 9011(b), "must consider both frivolousness *and* improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." *In re Silberkraus*, 336 F.3d 864, 870 (9th Cir. 2003), quoting *In re Marsch*, 36 F.3d 825, 830 (9th Cir. 1994). Debtor's Chapter 13 filing could not benefit the Debtor in any respects, other than providing him time to pursue additional litigation in State Court. Clearly, this is a impermissible purpose and frivolous.

The Court finds that Debtor and Counsel by filing the Chapter 13 Petition and Plan violated Rule 9011(b). At least one court has stated that "a restitutionary award compensating the opposing party for unnecessary litigation expenses . . . is a particularly appropriate sanction in cases involving manipulative petitions filed principally for purposes of delay and harassment." *Marsch*, 36 F.3d at 831. Creditor incurred attorney's fees in the amount of $5,793.75 (25.75 hours x $225 per hour), as properly supported by an Affidavit and time records. Counsel and Debtor shall jointly and severally bear responsibility for the attorney's fees incurred by Creditor that directly resulted from the Chapter 13 Petition filing.

The history of this case in State Court and the slender reed upon which Counsel relied upon in initiating this Chapter 13 case cannot be countenanced by this Court. Accordingly, Creditor must be awarded her attorney's fees as a sanction.

## **CONCLUSION**

For all of the above reasons, the Court will enter the accompanying Order granting Creditor's Motion for Sanctions under Fed. R. Bankr. P. 9011.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 17, 2017

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
PHILLIP WAYNE LOCKHART, JR. )   CASE NO.  16-32803(1)(13)
)
Debtor )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Sanctions under Fed. R. Bankr. P. 9011 of Creditor Mary D. Lockhart, be and hereby is, **GRANTED** against Debtor Phillip W. Lockhart, Jr. and counsel J. Gregory Joyner.  Both Debtor and Counsel are jointly and severally responsible for Creditor's attorney's fees in the amount of $5,793.75 within thirty (30) days of the date of this Order.

This is a final and appealable Order.  There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 17, 2017